

**FILED**

**January 24, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:25 P.M.

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| William Russell, Jr. | ) Docket No. 2016-02-0299 |
| | ) |
| v. | ) State File No. 94942-2015 |
| | ) |
| Futuristic, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Remanded - Filed January 24, 2017

---

In this interlocutory appeal, the employee contends the trial court erred in denying his request for benefits for a hernia that he alleges resulted from heavy lifting he performed in the course and scope of his work for the employer. The employer denied the claim, asserting the employee had not presented evidence sufficient to establish that he suffered a compensable hernia or that he provided proper notice of his alleged work injury. At the employee's request and without objection from the employer, the trial court rendered a decision on the record without convening an evidentiary hearing. It determined the employee had presented insufficient proof to establish he will likely succeed on the merits of his claim at trial and denied the employee's request for temporary disability and medical benefits. The employee has appealed. We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

William E. Phillips, Rogersville, Tennessee, for the employee-appellant, William M. Russell, Jr.

Fredrick R. Baker, Cookeville, Tennessee, for the employer-appellee, Futuristic, Inc.

## Memorandum Opinion[1]

William Russell, Jr. ("Employee"), a sixty-eight-year-old resident of Hawkins County, Tennessee, filed a petition for benefit determination alleging he suffered a hernia arising primarily out of and occurring in the course and scope of his employment with Futuristic, Inc. ("Employer"). He asserted that on an unspecified date in August 2015, while working as a "cutter" in the sewing department, he lifted a roll of fabric and felt a stinging and burning sensation. He continued his work without reporting the occurrence to Employer. His employment ended approximately two months later when Employer ceased operations on October 15, 2015.

On two separate occasions in September 2015, Employee presented to HealthStar Physicians with complaints of urinary frequency and low back pain. At both visits, the attending medical provider detected no palpable masses or tenderness on abdominal examination. Employee was diagnosed with a urinary tract infection. Because lab results revealed blood in his urine, Employee was referred to urologist Dr. Phillip Serbin for evaluation. On November 13, 2015, Dr. Serbin noted multiple urethral strictures and recommended further imaging. He also noted that, on examination, Employee had a right inguinal hernia, and he referred Employee to a general surgeon for evaluation.

Employee first saw Dr. Shane Edwards for his inguinal hernia on February 10, 2016. The records of that visit indicate Employee reported having lifted heavy material at work in August, 2015 and feeling a burning and stinging sensation, but he denied noticing a visible bulge. Dr. Edwards noted he could not ascertain the exact nature of Employee's inguinal hernia. He recommended surgical repair.

Employee first reported the hernia to Employer on November 20, 2015, approximately one week after seeing Dr. Serbin and three months prior to his visit with Dr. Edwards. He acknowledged that he could not pinpoint a particular day in August on which he had been injured, but he maintained that the hernia was, nonetheless, work-related. Employer denied the claim, asserting Employee failed to give timely notice of his injury and failed to establish he had suffered a compensable injury. Following unsuccessful efforts to resolve Employee's claim through mediation, Employee requested an expedited hearing and a determination based on a review of the file without an evidentiary hearing. After reviewing relevant medical records, Employee's affidavit, and other exhibits, the trial court issued an order finding that Employee had not presented sufficient proof to establish he will likely prevail at a hearing on the merits of his claim. In making this determination, the trial court concluded Employee did not come forward

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

with sufficient evidence of a compensable hernia and did not establish proper notice of his claim. Employee has appealed.

It is well settled that although an employee bears the burden of proof on all essential elements of his or her claim, at an expedited hearing, the employee need only come forward with sufficient proof from which a trial court can determine he or she will likely prevail at trial. *See, e.g.*, *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Here, the trial court concluded that Employee had presented insufficient evidence to meet that lesser standard. We agree. Employee presented no proof that the hernia occurred as a result of his work activities or that it appeared "suddenly" or "immediately" following a work accident. *See* Tenn. Code Ann. § 50-6-212 (2016). In fact, no mention of a possible work-related explanation for his injury appears in the medical records until February 2016, some six months after the injury allegedly occurred. Employee missed no work as a result of the injury and reported no work accident until November 20, 2015, over one month after Employer had ceased operations. In short, aside from Employee's assertion that the injury occurred at work, there is simply no evidence to establish he suffered a compensable injury as required by Tennessee Code Annotated sections 50-6-102(14) and 50-6-212.

Because Employee failed to present sufficient evidence to establish he will likely prevail at a hearing on the merits of his claim, any issue concerning whether he provided timely notice of his alleged injury is pretermitted.

Finally, we note that Employee filed a supplemental affidavit contemporaneously with his notice of appeal. Employer filed a motion to exclude the supplemental affidavit, arguing it should not be admitted or considered on appeal because it contained factual assertions not presented to or considered by the trial court. As we have previously observed, "[e]valuating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Thus, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.* Therefore, Employer's motion to exclude Employee's supplemental affidavit is granted.

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Accordingly, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

3

**FILED**

**January 24, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:25 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William Russell, Jr. | ) | Docket No.  2016-02-0299 |
| | ) | |
| v. | ) | State File No.  94942-2015 |
| | ) | |
| Futuristic, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **William E. Phillips** | | | | | X | wep@phillipsandhale.com |
| **Frederick R. Baker** | | | | | X | fbaker@wimberlylawson.com |
| **Brian K. Addington, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov